IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00042-MR

| | |
|---|---|
| NATHAN PIKE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CALDWELL COUNTY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff has also filed a Letter [Doc. 7] that is construed as a Motion to Appoint Counsel. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.    BACKGROUND**

The pro se Plaintiff, who is serving a sentence of between 20 and 29 years for first-degree statutory rape,[1] filed this action pursuant to 42 U.S.C. § 1983[2] addressing his "rights to freedom." [Doc. 1 at 3]. The Plaintiff names

---

[1] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0641974&searchLastName=pike&searchFirstName=nathan&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed July 1, 2022); see Fed. R. Evid. 201.

[2] The Plaintiff also purports to sue under Bivens v. Six Unknown Named Agents of Fed.

as Defendants: Roger Crosby, a Caldwell County Sheriff's Office (CCSO) "cop;" Jennifer Matthews, a Caldwell County D.A.; and Marice Medwoes, a Caldwell County Department of Social Services (DSS) social worker. [Id. at 2-3]. He claims that his daughter's uncle raped her and blamed the Plaintiff for the offense, and that he was "discriminated by Caldwell County as well as harassed and blackmail[ed] by the law officers and the DSS." [Id. at 5]. As injury, he refers to his daughter's rape. [Id.]. For relief, he "want[s] them to let [him] go home and lock up the guilty ones." [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

---

Bureau of Narcotics, 403 U.S. 388 (1971), but he has named no federal actors as defendants. Therefore, this action is construed as an action under § 1983.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Here, the Plaintiff's Complaint is so overlapping and duplicative of Case No. 5:22-cv-00041-MR that the Court cannot allow the two actions to proceed simultaneously. Because the Plaintiff filed the proceedings in the other case first, the Court will dismiss the instant action without prejudice. The Plaintiff will have the opportunity to amend his Complaint in Case No. 5:22-cv-00041-MR and may include any claims he intends to bring in that action, subject to all timeliness and procedural requirements. See, e.g., 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

The Plaintiff's Motion for the Appointment of Counsel [Doc. 7] is denied as moot.

## IV. CONCLUSION

In sum, the Plaintiff's Complaint is duplicative of Case No. 5:22-cv-00041-MR. As such, the instant action will be dismissed without prejudice. The Plaintiff's request for the appointment of counsel is denied as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff's Letter [Doc. 7] is construed as a Motion to Appoint Counsel and is **DENIED AS MOOT**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: July 5, 2022

Martin Reidinger
Chief United States District Judge